WILLIAM W. CONKLIN, PETITIONER-APPELLANT, v. BOARD OF TRUSTEES OF THE POLICE AND FIREMEN'S RETIREMENT SYSTEM DIVISION OF PENSIONS, DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENT-RESPONDENT.

WILLIAM W. CONKLIN, PETITIONER-RESPONDENT, v. CITY OF EAST ORANGE, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 16, 1975—Decided July 1, 1975.

Before Judges COLLESTER, LORA and HANDLER.

*Mr. Richard Newman* argued for petitioner-appellant.

*Mr. Samuel J. Halpern,* Deputy Attorney General, argued for respondent-respondent (*Mr. William F. Hyland,* Attorney General of New Jersey; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

*Mr. Alfred F. Carolonza, Jr.,* argued for respondent-appellant.

*Mr. Ernest N. Giannone* argued for petitioner-respondent (*Giannone & Capone,* attorneys).

PER CURIAM. The appeal in the case bearing docket No. A–297–74 is from a decision of the Board of Trustees of the Police & Firemen's Retirement System denying accidental disability retirement to petitioner. This appeal is consolidated for purposes of disposition with appeal bearing docket No. A–771–73.

Petitioner was injured on May 3, 1971 when he pulled a battery charger from in front of the dual wheels of the hook

and ladder tractor which he then drove to a fire in response to an alarm. He filed an application for accidental disability retirement on November 6, 1972 pursuant to *N. J. S. A.* 43:16A–7. On December 18, 1972 the board rejected petitioner's application for accidental disability, but granted him an ordinary disability retirement pension.

We are satisfied that the board properly determined on sufficient credible evidence in the whole record that petitioner, notwithstanding the assertion that he was free of any prior infirm condition relating to his back, did not incur his injury and ultimate disability as a result of an undesigned, unexpected or unusual event. *Hillman v. Bd. of Trust., Pub. Emp. Ret. Sys.,* 109 *N. J. Super.* 449, 460–461 (App. Div. 1970). His disability in the circumstances described — the employee doing his usual work in the usual way — is not an accidental disability within the meaning of the pension statute, *N. J. S. A.* 43:16A–7. Accordingly, the determination of the board is affirmed.

In the second appeal, docket No. A–771–73, petitioner contends as against his employer, the City of East Orange, that he is entitled to the award made by the judge of workmen's compensation for workmen's compensation benefits since his pension was granted for ordinary disability and not for accidental disability, and further, that his disability pension was not granted for the same injury or disability for which the compensation award was made. The City of East Orange asserts that *N. J. S. A.* 34:15–43 bars the payment of a workmen's compensation award to a former employee for permanent disability where the former employee is receiving an ordinary disability retirement pension for the same injury and disability upon which the workmen's compensation award is based.

*N. J. S. A.* 34:15–43 provides in part:

No former employee who has been retired on pension by reason of injury or disability shall be entitled under this section to compensation for such injury or disability; provided, however, that such

employee, despite retirement, shall, nevertheless, be entitled to the medical, surgical and other treatment and hospital services as set forth in section 34:15-15 of the Revised Statutes.

It has been recognized that *N. J. S. A.* 34:15–43 bars workmen's compensation payments when the former employee is receiving accident disability pension benefits. *In re Application of Smith,* 57 *N. J.* 368, 375 (1971); *Swan v. Bd. of Trustees of Teachers' Pension Fund,* 85 *N. J. Super.* 226 (App. Div. 1964); *Ziegler v. State,* 95 *N. J. Super.* 273 (App. Div. 1967); *Reinhold v. Irvington,* 134 *N. J. L.* 416 (Sup. Ct. 1946); *Flynn v. Union City,* 30 *N. J. Super.* 467 (Cty. Ct.), aff'd 32 *N. J. Super.* 518 (App. Div. 1954), certif. den. 17 *N. J.* 253 (1955). And, the statute is not a bar when the former employee is receiving pension benefits based on age or service. *Pisapia v. Newark,* 47 *N. J. Super.* 353 (Cty. Ct. 1957).

■■ We hold that *N. J. S. A.* 34:15–43 bars the receipt of workmen's compensation by a retired employee who is receiving ordinary disability pension benefits where the underlying disability is the same for which workmen's compensation is claimed. We also reject the argument that such an employee is entitled to recover workmen's compensation only for purposes of off-setting such compensation against his retirement pension. To this extent, we respectfully differ from the ruling in *Leoni v. Hamilton Tp.,* 134 *N. J. Super.* 231 (App. Div. 1975).

*N. J. S. A.* 43:16A–15.2(b), *L.* 1971, *c.* 175, § 18, may be a cognate statute to be considered in conjunction with *N. J. S. A.* 34:15–43. The recent amendment to the pension statute, however, cannot in these circumstances alter the plain terms of the workmen's compensation statute. A proposed amendment to the Workmen's Compensation Act, Senate Bill 441 (introduced January 26, 1970), which would have permitted an application for workmen's compensation benefits by a disability retireant was vetoed by the Governor on March 11, 1971. The pension act itself was amended by

*L.* 1971, *c.* 175, effective June 1, 1971, shortly after the Governor's veto of the proposed amendment of the Workmen's Compensation Act, *N. J. S. A.* 34:15-43. Presumably, this implemented in part the suggestion of the Supreme Court in *In re Application of Smith, supra*. In view of the fiscal consequences of the latter proposal, however, we cannot conclude, as was done in the *Leoni* case, that the amendment of *N. J. S. A.* 43:16A-15.2 by implication was intended by the Legislature to eliminate the bar of *N. J. S. A.* 34:15-43 or to permit the recovery of workmen's compensation to be then applied as a credit against the receipt of pension benefits. While it is not now urged that a retireant be granted a double recovery of both pension and workmen's compensation benefits, there would, as to state and other public employees, undoubtedly be a financial impact as between the various pension systems and the governmental employing units, even on the basis of offsetting recoveries. Thus, it is improper under these circumstances, for us to presume that the Legislature intended a change of some magnitude of the Workmen's Compensation Act by its amendment of the pension act governing the Police and Firemen's Retirement System. *Cf. Singleton v. Consolidated Freightways Corp.,* 64 *N. J.* 357, 362 (1974); also, *Mimkon v. Ford,* 66 *N. J.* 426, 433 (1975).

For these reasons the decision in appeal bearing docket No. A-771-73 is reversed. As noted earlier, the decision in the appeal bearing docket No. A-297-74 is affirmed.